UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SAUL MADERO, MARGARITO MOLINA,
and JOSE RIVERA, individually and on behalf
of all other persons similarly situated who were
employed by TRATTORIA LA REGINA, INC.   **MEMORANDUM OF**
and/or any other entities affiliated with or   **DECISION AND ORDER**
controlled by TRATTORIA LA REGINA, INC.,   10-CV-3675 (ADS)(ARL)

       Plaintiffs,

    -against-

TRATTORIA LA REGINA, INC. D/B/A CAFÉ
LA REGINA; d/b/a LA REGINA, and
VINCENT CORRATE in both his official and
individual capacities,

       Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Leeds Morelli & Brown**
*Attorneys for the plaintiffs*
One Old Country Road, Suite 347
Carle Place, NY 11514
    By: Jeffrey Kevin Brown, Esq., Of Counsel

**Virginia & Ambinder, LLP**
*Attorneys for the plaintiffs*
111 Broadway, Suite 1403
New York, NY 10006
    By: Kara Sue Belofsky, Esq.
        LaDonna Marie Lusher, Esq.
        Lloyd Robert Ambinder, Esq., Of Counsel

**Kaufman Dolowich Voluck & Gonzo LLP**
*Attorneys for defendants*
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797
    By: Jeffrey A. Meyer, Esq., Of Counsel

**SPATT, District Judge.**

      Plaintiffs Saul Madero, Margarito Molina and Jose Rivera ("the Plaintiffs"), filed a putative

collective action suit against Trattoria La Regina, Inc., d/b/a Café La Regina; d/b/a La Regina, and

Vincent Corrate ("the Defendants") under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the New York State Labor Law ("N.Y. Labor Law"), to recover unpaid overtime compensation and spread of hours pay. On April 27, 2011, upon stipulation by the parties, this Court granted the Plaintiff's motion for conditional certification of the class and to facilitate notice under 29 U.S.C. §216(b). In addition, the Court directed the parties to submit a proposed Notice of Pendency within thirty days of the April 27, 2011 order. On May 25, 2011, the Court received a jointly filed letter from the parties seeking the Court's intervention on two outstanding issues with regard to the Notice of Pendency.

The first dispute between the parties involves the length of the notice period for the Notice of Pendency. Although the FLSA has a three-year statute of limitations, the Plaintiffs argue that, based on their related N.Y. Labor Law claim which has a six-year statute of limitations, the notice period should be six years. Although some courts in the Eastern District of New York authorize a six year notice period in cases where plaintiffs are seeking relief under both the FLSA and the N.Y. Labor Law, "the growing trend in this district appears to be limiting the notice period to three years." McBeth v. Gabrielli Truck Sales, Ltd., --- F.Supp.2d ----, 2011 WL 338123, at *3 (E.D.N.Y. 2011) (collecting cases). Recent cases authorizing a six year notice period have done so on the grounds of judicial economy when "the number of potential plaintiffs is not large." Klimchak v. Cardrona, Inc., No. 09-CV-4311, 2011 WL 1120463, at *7 (E.D.N.Y. March 24, 2011); see also Avila v. Northport Car Wash, Inc., --- F.Supp.2d ----, 2011 WL 833642, at *5 (E.D.N.Y. 2011). However, because the parties chose not to address the size of the potential class in their May 25, 2011 letter, the Court does not see any reason to deviate from the three year notice period.

Ultimately, the Court agrees with the rationale in Lujan v. Cabana Management, Inc., No. 10-CV-755, 2011 WL 317984 (E.D.N.Y. Feb. 1, 2011) that there is "no purpose" in sending an

2

FLSA collective action notice to time-barred employees "informing them that (1) there is a pending opt-in lawsuit, (2) they may not opt in, and (3) they may later receive another notice should their status change due to class certification." 2011 WL 317984, at *9. To the extent the Plaintiffs seek to provide notice to potential plaintiffs that fall outside of the putative FLSA class, but may have claims under the N.Y. Labor Law, they must follow the discovery and notice procedures applicable to class actions under the Federal Rules of Civil Procedure. Accordingly, the Notice of Pendency shall be limited to a notice period of three years.

The second issue posed by the parties in their May 25, 2011 letter to the Court is when the notice period should commence. The Plaintiffs argue that the notice period should commence on April 27, 2011, the date of the Court's order granting conditional certification. On the other hand, the Defendants contend that the notice period should commence on the date that the Court ultimately approves the Consent to Joinder form. The Court agrees with the Defendants that the notice period should commence on the date the Court approves the Consent to Joinder form.

Finally, having resolved what the parties represented in the May 25, 2011 letter as the last remaining issues with respect to the Notice of Pendency, the Court directs the parties to submit the proposed Notice of Pendency to the Court within five days of the date of this order.

**SO ORDERED.**

Dated: Central Islip, New York
June 2, 2011

                                                _/s/ Arthur D. Spatt_
                                                ARTHUR D. SPATT
                                        United States District Judge